UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| VICTOR LOPEZ, | ) | CASE NO. 1:08 CV 892 |
| Plaintiff, | ) ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | MEMORANDUM OF OPINION |
| LORAIN COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, | ) ) ) | AND ORDER |
| Defendant. | ) | |

On April 8, 2008, pro se plaintiff Victor Lopez filed this action against the Lorain County Child Support Enforcement Agency ("CSEA"). In the complaint, Mr. Lopez alleges that CSEA has continued to assess child support against him while he is incarcerated. He seeks a forensic accounting of seven child support cases, a "preliminary order directing [the] defendants to reveal 'CUSIPS' accounting numbers and to whom may be the holder of any Miller Act bonds relating to this action for plaintiff's interest under 26 U.S.C. by federal regulation;" and an "order [that] this case [be] rolled to a special magistrate for (ADR) dispute resolution or arbitration proceedings, via 26 IRC 6001 as not to mix with other tax matters of procedure, in order to avoid capricious criminal penalties assessed by defendants." (Compl. at 5.)

**Background**

Mr. Lopez's complaint is comprised almost entirely of legal rhetoric and it is therefore difficult to ascertain the precise nature of his legal claims. He alleges that from 1980 to the present date, CSEA has been assessing child support against him using the prevailing minimum wage as his income pursuant to Ohio Revised Code § 3105. He states:

> [B]y using plaintiff's franchised/corporate names as recorded in the State Department of Vital Statistics (reg. No. unknown) and proceeding against that corporate entity pursuant to 28 U.S.C. 15(c), exclusively under (unintelligible) (CUSIP committee on uniform securities identification process)...and having no hearing lawfully on the inhabitants of several states of the union party to the constitution or citizens of the United States of America (1776)...have in fact created and maintained a counterfeit true bill assessment levied upon the real man Victor Lopez, sui juris, in a fraudulent scheme in order to solicit an estimated $ 45,011.00 debt obligation against your plaintiff when defendants knew or should have known your plaintiff was incarcerated and entitled to substantial reduction in arrearages (assessments) for the periods depicted. ... [D]efendant's clandestine goal is to gain access to plaintiff's social security for settlement and closure in rem. In fact, and that plaintiff is an unemployed prison pauper whom [sic] earns far below minimum wage and is personally exempt from levy pursuant to Article I § 10 U.S. Const. (1776) and/or be denied due process and equal protection of laws...Defendants have refused to modify/correct or offset their accounting Bill as lawfully required and/or reveal CUSIP forensic accounting numbers for proof of the above stated to plaintiff...depriving plaintiff of his right to settlement/closure through his exemption...having as it does an invidious discriminatory animus and purpose against a certain class of citizen.

(Compl. at 4.) It appears Mr. Lopez believes that the amount of the child support assessment is too high. Mr. Lopez attached a form letter from CSEA indicating CSEA would not attempt to collect on the arrearage until after Mr. Lopez is released. Mr. Lopez contends that he should be exempt from the assessment due to his incarceration.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S.

364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Lopez's claims are not clearly stated in his complaint. To the extent that he is contesting a state court judgment, the case cannot proceed. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Park, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); see Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis.  First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding.  Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment."  Catz, 142 F.3d at 293.  The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself.  Coles v. Granville, 448 F.3d 853, 857-59 (6th Cir. 2006).  Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, Mr. Lopez clearly contests the fact that a child support assessment is still being enforced.  All of the allegations in this case concern specific grievances that the law was incorrectly applied to plaintiff's case, and are clearly predicated on his belief that he should be exempt from paying child support.  Any review of the constitutional claims asserted in this context would require the court to review the specific issues addressed in the state proceedings against him.  This court lacks subject matter jurisdiction to conduct such a review or

grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

To the extent that Mr. Lopez is seeking to assert other types of civil rights claims which do not attack a state judgment, they are without merit. He mentions due process and equal protection; however, these claims are stated solely as legal conclusions without any factual explanation or support. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*s/ SOLOMON OLIVER, JR.*

SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.